IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGAL STONE LIMITED and FLEET MANAGEMENT LTD, <br><br> Plaintiffs, <br><br> v. <br><br> LONGS DRUG STORES CALIFORNIA, L.L.C., a California limited liability company, LONGS DRUG STORES, L.L.C., a Maryland limited liability company, LONGS DRUG STORES CORPORATION, a California corporation, CVS CAREMARK CORPORATION, a Delaware corporation, LOUIE CHESTER, an individual, and DOES 1-20, <br><br> Defendants. | Case No. 11-4540 SC <br><br> ORDER DENYING PLAINTIFFS' <u>MOTION TO REMAND</u> |

## I.   INTRODUCTION

This case arises from a well-publicized November 7, 2007 incident in which the Cosco Busan, a 900-foot long container ship, struck the San Francisco-Oakland Bay Bridge while under the command of a registered bay pilot, John Cota ("Cota"). Plaintiffs Regal Stone Limited and Fleet Management Ltd. ("Plaintiffs") are, respectively, the owners and technical manager of the Cosco Busan. Both are foreign business entities incorporated in Hong Kong. They bring three state law claims against Defendants Longs Drug Stores California, L.L.C., Longs Drug Stores, L.L.C., Longs Drug Stores

Corporation (collectively, "Longs"), CVS Caremark Corporation ("CVS"), and Louie Chester ("Chester").[1] Plaintiffs identify CVS as the corporate parent of Longs, a pharmacy business. Chester is a Longs pharmacist. Plaintiffs' theory of recovery, in brief, is that Defendants' negligence in providing prescription medicine to Cota contributed to the bridge collision.

Though this case originated in dramatic events, the instant motion concerns a relatively mundane procedural matter, Plaintiffs' motion to remand the case to state court. ECF No. 13 ("Mot.").[2] The parties fully briefed the Motion, and also responded to an Order for supplemental briefing. ECF Nos. 22 ("Opp'n"), 24 ("Reply"), 35 ("CVS's Supp. Brief"), 36 ("Pls.' Supp. Brief"). The Motion is suitable for determination without oral argument. Civ. L. R. 7-1(b). For the reasons set forth below, the Court DENIES Plaintiffs' Motion to Remand.

**II. PROCEDURAL AND LEGAL BACKGROUND**

Plaintiffs originally filed this action in California state court on January 31, 2011. Plaintiffs amended their complaint on March 9, 2011. Both the initial and amended complaint were filed under seal because Cota has claimed a protected privacy interest in

---

[1] There is some confusion about whether this Defendant's name is Louie Chester or Chester Louie. Compare ECF No. 20-4 ("FAC") (amended complaint naming "Louie Chester" as a party) with ECF No. 1 ("NOR") ¶ 5 (notice of removal stating that name is actually Chester Louie). The Court uses the name in the operative complaint, Louie Chester.

[2] Also currently pending before the Court are CVS's Motion to Unseal the First Amended Complaint and Plaintiffs' Administrative Motion to seal portions of the First Amended Complaint and for a protective order. ECF Nos. 21, 27. The Court addresses these motions in a separate Order.

2

medical information they contain. In California state court, purportedly confidential documents are filed along with a motion to seal, and the documents remain under conditional seal pending hearing. See Cal. R. Ct. 2.550, 2.551. Plaintiffs did not attempt to serve the complaint on any defendant because Plaintiffs were waiting for the state court to rule on the motion to seal and issue guidance on how to treat Cota's medical information. ECF No. 20-1 ("Walsh Decl.") ¶ 6. Consequently, even though this litigation began more than a year ago and the parties have met and conferred numerous times, Defendants have seen only the publicly available versions of the complaint.

The publicly available version of the First Amended Complaint is heavily redacted. It contains little more than the names of the legal theories under which Plaintiffs have brought their claims (negligence; negligence per se; and contribution and indemnity), a general description of the bridge collision, and Plaintiffs' prayer for relief. Nineteen of the First Amended Complaint's twenty-four pages are blank, including the pages which normally would assert claims and allege supporting facts.

Following Plaintiffs' March 9, 2011 filing of the First Amended Complaint and the related motion to seal, the state court set a hearing on April 28, 2011. When that date arrived, the state court continued the hearing to August, apparently on its own motion. In July, Plaintiffs requested and received a continuance to October. On September 7, Plaintiffs asked for leave to file a Second Amended Complaint, and, as they had previously, lodged their amended pleading under conditional seal. On September 13, more than seven months after the case began, CVS removed to this Court.

3

CVS then moved to relate this case to others brought before this Court by federal, state, and local governments in connection with the Cosco Busan incident. ECF No. 9. The Court denied the motion to relate. ECF No. 11. Plaintiffs then filed the instant motion to remand, arguing that CVS had improperly availed itself of this Court's removal jurisdiction. CVS strenuously contests this point. To provide context for the dispute, the Court will briefly review the basics of removal jurisdiction.

This Court may exercise removal jurisdiction over cases for which it has original jurisdiction. See 28 U.S.C. § 1441(a).[3] The Court exercises original jurisdiction over cases arising under federal law, § 1331 ("federal question jurisdiction"), and cases between parties of completely diverse citizenship when the amount in controversy exceeds $75,000, § 1332 ("diversity jurisdiction"). Section 1332(a)(2) provides for original jurisdiction where, as here, a foreign entity is a party. Therefore, a foreign plaintiff can always opt to sue in federal court under the court's diversity jurisdiction. Here, Plaintiffs are both foreign entities.

When a plaintiff can sue in federal court but opts instead to sue in state court, a defendant may remove to federal court simply by filing a notice of removal. See § 1446. The procedure for challenging the propriety of removal is a motion to remand the case back to state court. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). The federal court may remand for lack of jurisdiction and for any defect in the removal procedure. See § 1447(c); Tengler v. Spare, No. C-95-33421 SI, 1995 WL 705142, at *2 (N.D. Cal. Nov. 15, 1995). Because removal from state to

---

[3] Further references to the United States Code are to Title 28.

4

federal court implicates significant federalism concerns, courts construe the removal statute strictly, resolving any doubts about removal in favor of remand and placing on defendants the burden of establishing that removal was proper.  Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 818 (9th Cir. 1985) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

It has often been remarked that Congress authorized removal to protect out-of-state defendants from having to defend in a plaintiff's (presumably sympathetic) local courts.  E.g., Charles Alan Wright & Arthur R. Miller, 14B Fed'l Prac. & Proc. § 3721 (3d ed. 1998 & Supp. 2011).  Consistent with this principle, the forum defendant rule, codified at § 1441(b)(2), bars removal when a defendant who has been "properly joined and served" is a citizen of the state in whose court the action originated.[4]  This rule embodies the notion that a defendant cannot complain of being haled before the courts of his or her own state.

In this case, Chester is a California citizen and Plaintiffs originally sued in a California court.[5]  It is undisputed that if Chester had been served before CVS removed, the forum defendant rule would bar removal of this case.  However, as Plaintiffs acknowledge, they have served neither Chester nor any other defendant.  Still, they assert that Chester's presence in the case

---

[4] On December 7, 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63; 125 Stat. 758 (2011) ("FCJVCA").  The FCJVCA substantially rewrote portions of §§ 1441 and 1446, among other code sections.  Because the amendments do not change the Court's analysis, for ease of reference the Court cites to the amended statute.

[5] Defendant Longs Drug Stores California, L.L.C., is also a California citizen by virtue of its incorporation in that state, but the parties focus on Chester and the Court will do the same.  The remaining Defendants are not California citizens.

5

makes removal improper.  They rely on § 1446, which provides in pertinent part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  § 1446(b)(1).  Plaintiffs argue that this language creates a thirty-day window within which removal is proper.  Plaintiffs say the removal window opens upon service; before service, removal is premature.  CVS urges the Court to follow § 1441, which provides that removal is proper unless a forum defendant already has been "properly joined <u>and served</u>."  § 1441(b)(2) (emphasis added).  The instant Motion to Remand turns on these provisions.  The question before the Court is: may a defendant remove to federal court when a forum defendant has been properly joined[6] but not served?

### III. <u>DISCUSSION</u>

As the Court observed in its January 17, 2011 Order requiring supplemental briefing, both parties initially premised their arguments on the proposition that the relevant removal statutes, §§ 1441 and 1446, are clear and unambiguous.  ECF No. 34 ("Order") at 3.  The parties could do little else, given that the federal courts uniformly have treated them as such.  <u>See</u> <u>id.</u>; <u>see also</u> Jordan Bailey, Comment, "Giving State Courts the Ol' Slip: Should a Defendant Be Allowed to Remove an Otherwise Irremovable Case to Federal Court Solely Because Removal Was Made Before Any Defendant

---

[6] Defendants do not challenge the propriety of Chester's presence in this action so the Court assumes its propriety arguendo.

6

Is Served?," 42 Tex. Tech L. Rev. 181 (2009) ("Bailey Comment") (collecting cases). In the absence of appellate decisions addressing the precise issue presented in this case, district courts have disagreed about the proper application of the removal statute's "properly joined and served" language when a forum defendant is joined but not served. The courts divide into two camps, one favoring removal, the other remand. The pro-removal courts hold that the clear and unambiguous language of the statute only prohibits removal after a properly joined forum defendant has been served. This district follows that approach. E.g., Republic W. Ins. Co. v. Int'l Ins. Co., 765 F. Supp. 628, 629 (N.D. Cal. 1991), City of Ann Arbor Emp. Ret. Sys. v. Gecht, C-06-7453 EMC, 2007 WL 760568, at *8 (N.D. Cal. Mar. 9, 2007).

The pro-remand courts also read the removal statutes to be clear and unambiguous, but they have held that courts must look past the statutes' plain language to effectuate congressional intent. See Bailey Comment, 42 Tex. Tech L. Rev. at 187, 189-93. These courts regard the "properly joined and served" language as a limit on plaintiffs' ability to evade federal jurisdiction by improperly joining forum defendants against whom they do not intend to proceed. E.g., Holmstrom v. Harad, No. 05 C 2714, 2005 WL 1950672, at *2, (N.D. Ill. Aug. 11, 2005). Pro-remand courts have discerned in this limitation a broad Congressional intent to quash gamesmanship, and observed that the statute's plain language allows for and even encourages gamesmanship by defendants. E.g., Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 646 (D.N.J. 2008). Indeed, pro-removal courts have made the same observation. E.g., Gecht, 2007 WL 760568 at *8; Poznanovich v. AstraZeneca Pharm. LP,

7

No. 11-4001 (JAP), 2011 WL 6180026, at *1 (D.N.J. Dec. 12, 2011). The statute plainly allows defendants to elude state court jurisdiction by filing a notice of removal before the plaintiff has had a chance to serve any forum defendant. The statute does nothing to prevent sophisticated defendants from electronically monitoring state court dockets so that, as soon as a case is filed, they can speedily remove to federal court. Cf. Sullivan, 575 F. Supp. 2d at 647 n.4. Depending on how quickly a particular state court's docket reflects the assignment of cases to particular judges, defendants may adopt a policy of deciding to remove only after they see whether they have drawn a supposedly defense-leaning judge. Pro-remand courts have concluded that this opportunity for court-shopping contradicts Congressional intent.[7] They therefore read out of § 1441 the words "and served," notwithstanding what they have taken to be the statute's clear and unambiguous language.

    As this brief review suggests, courts on either side of the split have assumed that the removal statutes are clear and unambiguous. However, placing one's faith in the removal statutes' clarity became somewhat more difficult when, on December 7, 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63; 125 Stat. 758 (2011) ("FCJVCA"). The FCJVCA purports to clarify the language of §§ 1441 and 1446, among other code sections. The parties, in supplemental

---

[7] The pro-remand cases do not emphasize as strongly as they could the federalism concerns animating the presumption against removal. The plain language of the "properly joined and served" restriction results in a federal court wresting jurisdiction from a state court for the sole reason that service has not yet been perfected on a defendant who, once served, would lack the power to remove.

8

1  briefing, addressed the effect of the FCJVCA on this case.[8]  CVS
2  points out that the FCJVCA did not amend the portion of § 1441
3  requiring that a forum defendant be "properly joined and served,"
4  and in fact added this language to § 1446(b), which sets forth the
5  procedural requirements for removal.  CVS's Supp. Brief at 3-4.
6  CVS asserts that, by leaving the words "and served" untouched,
7  Congress endorsed the current regime.  Plaintiffs, on the other
8  hand, note that Congress also left untouched § 1446's requirement
9  that the notice of removal "shall be filed within thirty days after
10 the receipt by the defendant, through service or otherwise," of the
11 complaint.  Pl.'s Supp. Brief at 2-3.  Plaintiffs emphasize the
12 section's use of the mandatory "shall" in combination with the
13 prepositions "within" and "after."  This, Plaintiffs argue,
14 confirms Congress's intent for service to trigger a thirty-day
15 removal period within which removal may be proper, but outside of
16 which it is untimely -- either too late or, as Plaintiffs would
17 have it here, too early.  Plaintiffs suggest that if Congress had
18 intended to permit removal before service, it could have said "no
19 later than" rather than "within."  Id. at 3.
20      The Court disagrees with Plaintiffs.  Their proposed reading
21 would improperly discard pivotal parts of the statute as mere
22 surplusage.  See Planned Parenthood of Idaho, Inc. v. Wasden, 376
23 F.3d 908, 928-29 (9th Cir. 2004).  Section 1441 applies to forum
24 defendants "properly joined and served," but Plaintiffs would
25 disregard the words "and served."  Plaintiffs urge the Court to

---

[8] The FCJVCA's amendments do not apply to cases filed before January 6, 2012, but it is still relevant to this case because it purports to clarify the removal statutes and thus provides evidence of prior Congressional intent.

follow out-of-district cases that have adopted just this reading. However, the Northern District has consistently followed the alternate view, which gives effect to those words.  The Court is not persuaded that it would be appropriate to depart from that position now and thereby disrupt the settled expectations of litigants in this district.[9]

Nor has Congress commanded that it must do so.  Indeed, the FCJVCA's legislative history strongly suggests that when Congress amended the removal statutes, it simply did not have the issue of premature removal in mind.  See H.R. Rep. No. 112-10, at 11-16 (omitting mention of district court split).  As much as the Court may wish that Congress had taken the FCJVCA as an opportunity to speak clearly and affirmatively on this point, Congress did not do so, and it is well-settled that where Congress amends part of a statute and leaves another part unchanged, a court must interpret Congress's inaction as satisfaction with the unamended portion, or at least tolerance of its inadequacies.  See, e.g., PLIVA, Inc. v. Mensing, LLC, 131 S. Ct. 2567, 2587 (2011).  The Court is therefore bound to take Congress's preservation of § 1441's "properly joined and served" language as an endorsement.

Plaintiff relies on Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).  But that case is inapposite here.  Murphy Brothers spoke only to whether a defendant could be

---

[9] The facts of this case make the question closer than it might have been.  Unlike in other cases from this district which have upheld removal, there is no indication that Plaintiffs have dragged their feet in failing to serve Defendants.  On the contrary, Plaintiffs have articulated perfectly legitimate reasons for not yet having done so.  See Walsh Decl. ¶ 6.  The Court also notes that CVS acquiesced to state court jurisdiction for nearly eight months before removing and has articulated no reason why removal has suddenly become appropriate.

10

"obligated" to remove prior to formal service, not whether a defendant is permitted to do so. See id. at 347; Poznanovich, 2011 WL 6180026, at *5. The case is intriguing in that it highlights supposedly "plain language" in the removal statutes which the Supreme Court ultimately interpreted to mean something plainly different. See Murphy Bros., 526 U.S. at 353-354 (quoting Apache Nitrogen Prods., Inc. v. Harbor Ins. Co., 145 F.R.D. 674, 679 (D. Ariz. 1993) ("[I]f in fact the words [of the statute] had a plain meaning, the cases would not be so hopelessly split over their proper interpretation.")). But this point does not help Plaintiffs. Under the circumstances presented here, the Court is persuaded that the proper course is to follow the weight of authority in this district and to treat Congress's silence on the current regime's efficacy as an endorsement.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion to Remand brought by Plaintiffs Regal Stone Limited and Fleet Management Ltd. The Court retains removal jurisdiction over this matter notwithstanding the presence of an unserved California citizen, Defendant Louie Chester.

IT IS SO ORDERED.

Dated: March 2, 2012

_____
UNITED STATES DISTRICT JUDGE

11