**United States District Court**
For the Northern District of California

1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7             FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   REGAL STONE LIMITED and FLEET      ) Case No. 11-4540 SC
    MANAGEMENT LTD,                    )
10                                     ) ORDER GRANTING PLAINTIFFS'
              Plaintiffs,              ) MOTION TO CERTIFY ORDER FOR
11                                     ) INTERLOCUTORY APPEAL AND
         v.                            ) DENYING DEFENDANT CVS'S EX
12                                     ) PARTE APPLICATION FOR
    LONGS DRUG STORES CALIFORNIA,      ) ADMINISTRATIVE RELIEF
13  L.L.C., a California limited       )
    liability company, LONGS DRUG      )
14  STORES, L.L.C., a Maryland limited )
    liability company, LONGS DRUG      )
15  STORES CORPORATION, a California   )
    corporation, CVS CAREMARK          )
16  CORPORATION, a Delaware            )
    corporation, LOUIE CHESTER, an     )
17  individual, and DOES 1-20,         )
18                                     )
              Defendants.              )
19                                     )
20  _____)

21  **I.   INTRODUCTION**

22       This Order disposes of two matters currently before the Court.

23  The first is a motion requesting certification for an interlocutory

24  appeal pursuant to 28 U.S.C. § 1292(b), filed on March 27, 2012 by

25  Plaintiffs Regal Stone Limited and Fleet Management LTD's

26  ("Plaintiffs").  ECF No. 42 ("Pls.' Mot.").  The Motion is fully

27  briefed.  ECF Nos. 43 ("CVS Opp'n"), 44 ("Pls.' Reply").

28  Plaintiffs' Motion asks the Court to certify for interlocutory

appeal an order entered March 2, 2012, in which the Court denied Plaintiffs' motion to remand this case to the California state court in which Plaintiffs initially filed it.  See ECF No. 40 ("Order").

The second matter before the Court is an ex parte application for administrative relief pursuant to Civil Local Rule 7-10, filed on May 1, 2012 by Defendant CVS Caremark Corporation ("CVS").  ECF No 45 ("CVS Ex Parte App.").  Plaintiffs filed an opposition brief. ECF No. 47 ("Pls.' Opp'n to Ex Parte App.").  CVS asks the Court to order Plaintiffs to immediately serve on all defendants a full and unredacted copy of the operative complaint in this case.  See Remand Order at 2-3, 10 n.9 (explaining and accepting Plaintiffs' reasons for not yet having effected such service).

For the reasons set forth below, the Court GRANTS Plaintiffs' motion, stays all further district court proceedings in this case pursuant to 28 U.S.C. § 1292(b), and, accordingly, DENIES CVS's ex parte application as moot.

## II.   BACKGROUND

As detailed in the Court's March 2, 2012 Order denying Plaintiffs' motion to remand, Plaintiffs in this case are foreign corporations, and the bulk of the named defendants are domestic corporations incorporated outside California.  At least one defendant, a natural person, is a California citizen.  Plaintiffs make a variety of state law claims, and originally chose to bring those claims in California state court.  Because their complaint contained the private medical information of a non-party who had asserted his California state privacy rights, Plaintiffs, following

California rules of court, filed only a heavily redacted version of the complaint.  They filed it alongside a motion to seal -- in effect, a motion for a protective order.  Plaintiffs never served any of the defendants with the redacted complaint because they were waiting for the state court to rule on the motion to seal.  And wait they did.  After nearly eight months, several continuances, and at least two amended complaints, defendant CVS specially appeared and removed the case to this Court, notwithstanding Plaintiffs' having joined, but not served, at least one California citizen as defendant.  See Order at 2-3.  Normally, under the "forum defendant" rule, a case is not removable from state court when a citizen of that state has been "properly joined and served" as a defendant.  See 28 U.S.C. 1441(b)(2).

This Court observed that other district courts around the nation have split into two camps over how to apply the forum defendant rule when, as here, a forum defendant has been properly joined but not served.  Order at 7.  One camp favors removal in such circumstances; the other, remand.  Id.  The Court noted the absence of any appellate authority on the question.  Id.  The Court, after reviewing the positions of the two camps, decided to follow the weight of authority in its own district, which favors removal.  Id. at 11.  Accordingly, the Court denied Plaintiffs' motion to remand and retained jurisdiction over the case.  Id.

**III. DISCUSSION**

In civil cases, a district court may certify an order for interlocutory appellate review if (1) the order involves a controlling question of law, (2) an immediate appeal of the order

3

**United States District Court**
For the Northern District of California

may materially advance the ultimate termination of the litigation, and (3) the order involves a question upon which there are substantial grounds for difference of opinion.  28 U.S.C. § 1292(b); In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981).  Assuming these conditions are satisfied, and subject to the discretion of the Court of Appeals, orders denying motions to remand may be appropriate subjects for interlocutory review. See, e.g., Guglielmino v. McKee Foods Corp., 506 F.3d 696, 698 (9th Cir. 2007); see also Krangel v. Gen. Dynamics Corp., 968 F.2d 914, 915 (9th Cir. 1992) (orders granting motions to remand are not subject to appeal, interlocutory or otherwise).

Here, the Court's March 2, 2012 Order denying Plaintiffs' motion to remand satisfies the requirements of 28 U.S.C. § 1292(b) and accordingly the Court will certify it for interlocutory appeal. The Order involves a controlling question of law.  "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  In re Cement, 673 F.2d at 1026.  The precise issue before the Court when it issued the Order was whether removal of a case from state court on diversity grounds was proper when a forum defendant had been properly joined but not served.  Resolution of that issue on appeal will determine whether the litigation continues in the district court at all; hence, the question is "controlling" for purposes of 28 U.S.C. § 1292(b).  Moreover, an immediate appeal of the order would materially advance the ultimate termination of the litigation in the sense that if the motion to remand were granted, the federal courts would cede jurisdiction of this matter to the California

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  state courts, effectively ending federal litigation of this case.

2  Finally, the Court reviewed at length in the Order the substantial

3  grounds for difference of opinion on the issue presented.  Indeed,

4  reviewing the district court cases, there is little but difference

5  of opinion, and no appellate court has issued guidance.  Thus this

6  condition too is satisfied.

7       CVS's arguments to the contrary are unavailing.  CVS

8  characterizes the Order as having done nothing more than applied

9  the plain language of the statute, and argues that the Ninth

10 Circuit could do nothing but the same.  Opp'n at 5-7.  This flirts

11 with a serious mischaracterization of the content of the Order,

12 which emphasized the lack of clarity in the statutory language.

13 See, e.g., Order at 8 ("[P]lacing one's faith in the removal

14 statutes' clarity became somewhat more difficult when, on December

15 7, 2011, Congress passed the Federal Courts Jurisdiction and Venue

16 Clarification Act of 2011 . . . .").  Indeed, the Court ordered

17 supplemental briefing because of this perceived lack of clarity.

18 See ECF No. 34.  CVS's other primary argument, that the Ninth

19 Circuit cannot fail to agree with this Court, is similarly

20 unavailing.  As the Court explained in the Order denying remand,

21 there is a substantial difference of justifiable opinions among the

22 federal district courts, and an absence of appellate authority.

23 Order at 7-8.  The Ninth Circuit could endorse the reasoning of

24 cases from outside this district.

25

26 **IV.   CONCLUSION**

27       The Court GRANTS Plaintiffs Regal Stone Limited and Fleet

28 Management LTD's motion and CERTIFIES for interlocutory appeal the

Court's March 2, 2012 Order denying Plaintiffs' motion to remand. ECF No. 40; <u>Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.</u>, No. 11-4540 SC, 2012 WL 685756, 2012 U.S. Dist. LEXIS 28115 (N.D. Cal. Mar. 2, 2012).  The Court STAYS all further district court proceedings in this case for the duration of the appeal.  The Court DENIES as moot Defendant CVS Caremark Corporation's ex parte application for administrative relief, seeking an order compelling Plaintiffs to perfect service of the operative complaint.

        IT IS SO ORDERED.


        Dated: May 4, 2012

                                _____
                                UNITED STATES DISTRICT JUDGE